### J. T. PITTARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1804. Promulgated December 23, 1926.

1. Value of farm land acquired by the petitioner prior to March 1, 1913, determined.

2. Date of sale of real estate determined, and petitioner *held* entitled to return income therefrom on the installment basis.

*George M. Stanton, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

The Commissioner has asserted a deficiency in income tax for the year 1918 in an amount not disclosed by the record, but less than $10,000. The controversy arises from the Commissioner's alleged error in the computation of gain realized from the sale of certain parcels of real estate.

#### FINDINGS OF FACT.

The petitioner is an individual residing at Winterville, Ga. During the year 1918 he sold 227.54 acres of land, which he had acquired prior to March 1, 1913, for the amount of $8,532.75. In 1912 he sold 49.95 acres of land adjacent to the land in question and a part of

the original tract which had included the acreage sold in the taxable year for $40 an acre, or a total of $2,000. The land sold in the taxable year had a fair market price or value of $37.50 an acre at March 1, 1913.

In 1917 the petitioner and an associate purchased certain tracts of contiguous lands aggregating 898.7 acres, and paid therefor the amount of $35,751.20. On November 12, 1917, he sold 128.1 acres, one of the tracts so acquired to which he then held title in his own name, for $8,326.50, which he received in installments as follows: Date of sale, 10 per cent of purchase price, or $832.65; February 14, 1918, $1,667.35; May 22, 1919, $1,826.50; January 8, 1920, $4,000. The purchaser of this land, by virtue of a first payment and a contract for deed, entered into possession and use on November 12, 1917, and received a deed, subject to deferred payments, on February 14, 1918.

Upon audit of the petitioner's income-tax returns for the years 1917 and 1918, the Commissioner held that the tract of 227.54 acres acquired prior to March 1, 1913, and sold for $8,532.75 in 1918, had a fair market value or price of $30 per acre at March 1, 1913. In respect of the second transaction, he held that the sale was made on February 14, 1918, that the transaction was closed on that date, and resulted in taxable gain in the amount of the difference between the purchase and sales price of 128.1 acres included in the tract purchased for $35,751.20 in 1917.

OPINION.

LANSDON: The Commissioner has determined that the tract of 227.54 acres of land acquired by the petitioner prior to March 1, 1913, had a value of $30 per acre at that date. The evidence discloses that an adjacent tract of 49.95 acres of similar land was sold in 1912, or early in 1913, for $40 per acre. The petitioner testified that on account of nut grass infestation there was no increase in the market value of the land in question between March 1, 1913, and the date of sale. We have found that the value of this land was $37.50 per acre at March 1, 1913. No profit resulted from its sale in 1918 at the same price.

To redetermine the deficiency based on the profit realized from the second transaction, we must decide (1) whether this sale was made in 1917 or 1918, and (2) whether taxes on the income from such sale shall be computed by the installment method. The evidence shows that agreement between vendor and vendee was made on November 12, 1917. On that date a contract to sell real estate was entered into, 10 per cent of the purchase price was paid to the vendor, and the vendee at once entered into possession. Deferred payments were provided for and made in terms set forth in our findings of fact

above.  We are of the opinion that this sale was effected on November 12, 1917, that the transaction provided for payment of the deferred amount of the purchase price in installments, and that the petitioner's tax liability as to income resulting therefrom should be determined and computed on the installment basis, as provided for by law and the regulations of the Commissioner.

*Judgment will be entered on 10 days' notice, under Rule 50.*